[Cite as *State v. Craig*, 2016-Ohio-5050.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-108 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2015-CR-139 |
| v. | : | |
| | : | (Criminal Appeal from |
| TONY CRAIG | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2016.

. . . . . . . . . . .

MEGAN FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, Surdyk, Dowd & Turner Co., L.P.A., 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Tony Craig appeals from his conviction and sentence, following a guilty plea, on one count of Breaking and Entering, in violation of R.C.

2911.13(A), a felony of the fifth degree. Craig's appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find any potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Craig was charged by indictment with one count of Breaking and Entering. At a plea hearing in full compliance with Crim.R. 11(C), while represented by counsel, Craig tendered a plea of guilty to the charge, which the trial court accepted. There is nothing in the record to suggest that Craig's guilty plea was other than knowing and voluntary. In exchange for the plea, and with the understanding that there would be a pre-sentence investigation, the State agreed to make no recommendation as to sentence.

{¶ 3} Craig did not appear for his pre-sentence investigation interview. At a hearing, after some discussion, the trial court continued the sentencing hearing in order that a pre-sentence investigation could be completed, which was done. At the subsequent sentencing hearing, the State questioned whether it was still bound not to make a recommendation as to sentence, but ultimately decided not to make a recommendation.

{¶ 4} Craig was sentenced to 12 months in prison, with jail-time credit for two periods of pre-trial incarceration, and was ordered to pay costs, including "any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." He was notified that he could be subject to optional post-release control for a period of up to three years. He was also notified of the potential consequences of his violating the terms of post-release

control.   From his conviction and sentence, Craig appeals.

{¶ 5} Craig's appellate counsel has filed a brief under the authority of *Anders v. Cailfornia, supra*, indicating that he could find no potential assignments of error having arguable merit.   By entry dated March 29, 2016, we afforded Craig 60 days within which to file his own, pro se brief.   He has not done so.

### II. We Find No Potential Assignments of Error Having Arguable Merit

{¶ 6} Appellate counsel identified one potential assignment of error that he considered, only to decide that it had no arguable merit – that the trial court erred by imposing a maximum, twelve-month sentence.   The trial court explained its reasoning at the sentencing hearing:

> Under [R.C.] 2929.12(D), I find the Defendant, who is 51 years of age, does not have a prior adjudication or [sic] delinquency but does have a very lengthy criminal record.   It takes up most of four pages in the presentence report beginning in 1990 and ending in August of this year. An extreme amount of theft offenses and also an assault and violation of a protection order.   And a resisting arrest.

> He has served a prior prison term.   First prison term I note is for burglary in 2001 in which he was given a two-year prison term, ordered to pay restitution.   There is still a balance owed in that case.

> At that same time he was sentenced for theft of an elderly person. That was in 2001.   Again, he received a two-year sentence.   In 2007 is the next conviction entry on this presentence report, unauthorized use of

property.   Later that year, attempted theft in August and the same offense in September where he received a jail sentence for those offenses.

'08 he was convicted of disorderly, reduced from violation of temporary protection order.   He was also convicted of assault.   There was a suspended jail sentence.   He was placed on one-year probation, released to a residential program.   In April of 2009 a probation violation was filed.   I see nothing that lists – no result of that probation violation.   So I assume he was never found in violation of his probation, but there was a violation of a protection order.

In November of '08 and December of '08, convicted for violation of temporary protection order.   Theft by deception in '09; theft in January of '09; theft in April of '09; violation of protection order in May of '09, for which he received jail sentences for the theft by deception and the theft.   Still owes financial sanctions for both of those cases.   Violation of protection order in '09 resulted in a prison term of 11 months, and he still has a balance for financial sanctions in that case.

2010, sentenced for receiving stolen property, was given a 10-day jail sentence, 90 days with 80 days suspended, six months' probation.   That probation was terminated unsuccessfully.   Financial sanction still remains unpaid.

2011, a theft offense and an attempted theft offense, apparently given credit for time served, ordered to pay restitution.   There are still financial sanctions owed in that case.   The attempted theft, he was ordered

to attend an inpatient program at McKinley Hall. Financial sanctions unpaid.

2013, unauthorized use of property, community service, and costs. Financial sanctions, a balance is still owed in that case.

Resisting arrest in 2015, a theft in 2015. Resisting arrest resulted in a 12-day jail sentence and costs. Financial sanctions, I assume that's part of the costs, not paid yet; and then in May of 2015, a misdemeanor theft. He received 60 days in jail, 40 days suspended. He was ordered to serve eight days on May the 11th of 2015 and was placed on three years of community control.

The offense date for the theft was January the 1st, 2015, which would indicate that case was pending at the time the Defendant committed the breaking and entering in this case. The resisting arrest occurred on March the 10th of 2014. Anyway, that shows the extensive criminal history that the Defendant has created over a number of years.

He's not responded favorably to sanctions previously imposed for any of those convictions.

I find no genuine remorse.

There is no military service record to consider.

The Defendant scored high on the Ohio Risk Assessment Survey.

At this time the Court finds the Defendant is no longer amenable to community control sanctions, and prison is commensurate with the seriousness of his conduct and its impact upon the victim and does not

place an unnecessary burden on the State.

{¶ 7} We have reviewed the presentence investigation report, and it supports the trial court's observations quoted above. The standard of appellate review of a felony sentence is whether the sentence is clearly and convincingly not supported by the record. *State v. Marcum*, Ohio Sup.Ct. Slip Opinion No. 2016-Ohio-1002. Applying that standard of review, we conclude that no reasonable argument can be made that the record in this case clearly and convincingly does not support the sentence imposed. Accordingly, we agree with appellate counsel that a potential assignment of error concerning the trial court's imposition of the sentence in this case has no arguable merit.

{¶ 8} We have performed our duty, under *Anders v. California, supra,* of independent review of the record, and we have found no potential assignments of error having arguable merit.

### III. Conclusion

{¶ 9} No potential assignments of error with arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Megan Farley
Christopher T. Herman
Tony Craig
Hon. Richard J. O'Neill